UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| JASON FLOYD NOVOTNY,<br><br>                         Petitioner,<br><br>     vs.<br><br>YANKTON FPC, WARDEN,<br><br>                         Respondent. | 4:21-CV-04074-RAL<br><br><br>OPINION AND ORDER GRANTING<br>RESPONDENT'S MOTION TO DISMISS |

On April 22, 2021, Jason Floyd Novotny, an inmate at the Yankton Federal Prison Camp in Yankton, South Dakota, filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. Doc. 1. Respondent moves to dismiss for lack of subject matter jurisdiction, for failure to state a claim, and for failure to exhaust. Doc. 8. Novotny opposes the motion and moves for the appointment of counsel and for a "joint cooperation/sharing agreement." Docs. 12, 13, 15.

Novotny seeks the immediate application of his earned time credits. Doc. 1 at 8. Under the First Step Act (FSA), time credits may be earned by eligible prisoners who successfully complete "evidence-based recidivism reduction programming" or "productive activities." 18 U.S.C. § 3632(d)(4)(A). The Bureau of Prisons (BOP) has a phase-in period until January 15, 2022, to provide evidence-based recidivism programs and productive activities to *all* prisoners. Id. § 3621(h)(2) (emphasis added). In Holt v. Warden, this Court held that it cannot force the BOP to apply earned time credits toward prerelease custody before January 15, 2022. No. 20-4064, 2021 WL 1925503, at *5-6 (D.S.D. May 13, 2021). Thus, an inmate that seeks to have the

Court compel the BOP to apply the credits before January 15, 2022, does not have standing and his/her petition must be dismissed for lack of subject matter jurisdiction. See id.

Here, Novotny seeks the immediate application of his earned time credits. See Doc. 1 at 8. In his opposition to Respondent's motion, Novotny relies on the minority position, Goodman v. Ortiz, Civ. No. 20-7582, 2020 WL 5015613 (D.N.J. Aug. 25, 2020), to support his proposition that his earned time credits must be applied due to the FSA's statutory language. Doc. 12 at 1. But this Court already considered Goodman and specifically sided with the majority position, declining to apply Goodman's interpretation of the FSA. See Holt, 2020 WL 5015613 at *5. At this time, the Court cannot compel the BOP to apply earned time credits.

Therefore, it is hereby

ORDERED that Respondent's motion to dismiss for lack of subject matter jurisdiction, Doc. 8, is granted. It is finally

ORDERED that Novotny's pending motions, Docs. 13 and 15, are denied as moot.

DATED July  21st , 2021

BY THE COURT:

ROBERTO A. LANGE
CHIEF JUDGE

2