UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| JASON FLOYD NOVOTNY,<br><br>Petitioner,<br><br>vs.<br><br>YANKTON FPC, WARDEN,<br><br>Respondent. | 4:21-CV-04074-RAL<br><br><br>ORDER DENYING PETITIONER'S MOTION REQUESTING ASSIGNMENT OF NEW DISTRICT JUDGE |

Petitioner, Jason Floyd Novotny, filed a petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus. Doc. 1. Respondent filed a motion to dismiss, Doc. 8, which this Court granted on July 21, 2021. Doc. 16. Novotny also filed a motion for appointment of counsel, Doc. 13, and a motion requesting a joint cooperation / sharing agreement with other similarly situated petitioners, Doc. 15, both of which were denied in this court's July, 21, 2021, order. Doc. 16. Pending before this Court is Novotny's motion requesting assignment of a new district judge. Doc. 19.

Novotny requests "a new Judge in this District who . . . will give the proper time to review the case and law[.]" Id. at 2. As Novotny is requesting both a new judge and a reconsideration of this Court's dismissal of Novotny's petition, this Court construes his motion as both a motion for recusal and a motion for reconsideration.

I.   **Motion for Recusal**

Novotny moves for the recusal of the undersigned judge. Id. He claims that this judge is mishandling this case and other similar cases by failing to ask the government to respond, failing to request a magistrate judge's report and recommendation, failing to provide court appointed

1

attorneys for the petitioners, and failing to grant an evidentiary hearing. Id. at 1. "A judge must recuse from 'any proceeding in which [the judge's] impartiality might reasonably be questioned.'" United States v. Melton, 738 F.3d 903, 905 (8th Cir. 2013) (alteration in original) (quoting 28 U.S.C. § 455(a)). This standard is objective and questions "whether the judge's impartiality might reasonably be questioned by the average person on the street who knows all the relevant facts of a case." Id. (quoting Moran v. Clarke, 296 F.3d 638, 648 (8th Cir. 2002) (en banc)). The party that files the motion for recusal "carries a heavy burden of proof; a judge is presumed to be impartial and the party seeking disqualification bears the substantial burden of proving otherwise." Fletcher v. Conoco Pipe Line Co., 323 F.3d 661, 664 (8th Cir. 2003) (internal quotation omitted).

The party must show "that the judge had a disposition so extreme as to display clear inability to render fair judgment." Melton, 738 F.3d at 905 (internal quotation omitted). Novotny bases his motion on allegations of ignorance of the law. See Doc. 19. But "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." Liteky v. United States, 510 U.S. 540, 555 (1994). A judicial ruling "cannot possibly show reliance upon an extrajudicial source; and can only in the rarest circumstances evidence the degree of favoritism or antagonism required . . . when no extrajudicial source is involved. Almost invariably, they are proper grounds for appeal, not for recusal." Id. Here, Novotny's disagreement with prior rulings may be grounds for appeal, but he has not shown that the undersigned judge is unable to be impartial or to render a fair judgment. Further, Novotny is mistaken about his case's history; the government did respond to his petition with a motion to dismiss and a memorandum in support of that motion. Docs. 8 and 9. Novotny has not met his burden. Thus, his motion for recusal is denied.

**II.     Motion for Reconsideration**

Novotny moves for reconsideration of this Court's dismissal of his petition. See Doc. 19. He argues that this Court was mistaken in finding that the Bureau of Prisons (BOP) has until January 15, 2022, to implement the First Step Act (FSA). Id. at 1. This Court previously addressed this issue in Holt v. Warden, 2021 WL 1925503 (D.S.D. May 13, 2021). Under 18 U.S.C. § 3621(h)(4), the BOP "*may offer* to prisoners who successfully participate in such programs and activities [FSA time credits.]" § 3621(h)(4). Thus, because "'may' is permissive," this Court cannot compel the BOP to offer FSA time credits. Holt, 2021 WL 1925503, at *5-6.

Novotny argues that other decisions, such as Goodman v. Ortiz, 2020 WL 5015613 (D.N.J. Aug. 25, 2020), and the decisions of "many other Judges in other District Courts" have ruled in favor of petitioners on this issue. Doc. 19 at 1. But in Goodman, there was no underlying dispute between the parties as to the calculation of time credits. Goodman, 2020 WL 5015613, at *2. Here, the government disputes Novotny's calculation of his earned time credits. See Doc. 9 at 18-19. Also, although Novotny claims that many other cases support his reading of the statute, the vast majority of district courts have disagreed with his position and that of Goodman. See Holt, 2021 WL 1925503, at *5 (collecting cases). To the extent that this Court construes Novotny's motion as a motion for reconsideration, it is denied.

Therefore, it is hereby

ORDERED that Petitioner's motion requesting assignment of a new district judge, Doc. 19, is denied.

DATED September 22nd, 2021

                                        BY THE COURT:

                                        _____
                                        ROBERTO A. LANGE
                                        CHIEF JUDGE